

**Mars Khaimov Law, PLLC**

100 Duffy Ave., Suite 510

Hicksville, NY 11801

Tel.: 929.324.0717

Fax: 929.333.7774

E-mail: mars@khaimovlaw.com

August 28, 2025

<u>**BY ECF**</u>
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

  Re: *Case 1:24-cv-03444-MKV Riley v. Misahara Jewelry, LLC*
    <u>Response to Order to Show Cause</u>

To the Honorable Judge Vyskocil,

  I, Mars Khaimov, Counsel for Plaintiff, respectfully submit this letter in response to the Court's August 26, 2024 Order to Show Cause, in which the Court directed Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute, and, also, why Plaintiff's Counsel should not be sanctioned for failing to prosecute the case. While I understand the Court's position that the inactivity in this action for more than a month is unacceptable, I maintain, respectfully, that dismissing this action for failure to prosecute pursuant to FRCP Rule 41(b) at this stage would be unwarranted. I further will explain why sanctions should not be levied against me, and urge the court not to do so.

  When evaluating whether or not a case should be dismissed for failure to prosecute, the Court must consider:

  (1) the duration of the plaintiff's failures,
  (2) whether the plaintiff had received notice that further delays would result in dismissal,
  (3) whether the defendant is likely to be prejudiced by further delay,
  (4) whether dismissal strikes a proper balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
  (5) whether lesser sanctions would be sufficiently efficacious. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

  In this action, Plaintiff failed to take any action in this case since the Court's July 23, 2025 Order denying Plaintiff's default judgment motion. Since then, Plaintiff's Counsel has attempted to reach Plaintiff Riley via telephone and text, Ms. Riley's preferred methods of communication, on five separate occasions, to discuss next steps in this case. Ms. Riley did not return these communications, and only after contacting her via email after receiving the August



**Mars Khaimov Law, PLLC**

26, 2025 order to show cause did Plaintiff advise me that her phone number had changed. This time period covered a span of five weeks. Typically, weeks of delay do not "typically do not

warrant dismissal." *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). Plaintiff had also not received any explicit notice in this case that further delays would result in dismissal (although Counsel did receive a warning that failure to generally abide by court orders may result in dismissal or sanctions in the July 23, 2025 Order). Due to Defendant's non-appearance in this case, Plaintiff maintains that Defendant was not prejudiced by the delay herein.

As of the date of this response letter, Plaintiff has provided her consent to dismiss this action without prejudice, as collecting an award of judgment from Defendant is unlikely. As such, a notice of dismissal without prejudice will be filed concurrently with the filing of this letter. Plaintiff urges Your Honor to accept this dismissal in an effort to alleviate the Court's calendar and not have the matter dismissed for failure to prosecute.

Plaintiff's Counsel also urges Your Honor not to levy sanctions against him in this case. As explained to the Court, I was not made aware of Plaintiff's change in phone numbers until very recently. I was attempting to contact my client to discuss next steps in this case, and once the communication was responded to, I did get consent to dismiss this action. It is not lost on me that I could have made more diligent attempts to contact Ms. Riley. However, I am hopeful that this misjudgment does not reach the degree for which sanctions are justifiable. Furthermore, as the Court is aware, I have already agreed to undertake changes in my practice and filing pursuant to Judge Caproni's Order dated June 3, 2024 in *Jones v. Lee and Low Books, Inc.,* 1:23-cv-07756. A copy of Judge Caproni's May 17, 2024 Order to Show Cause is attached herein for reference, as mandated by Judge Caproni in such instances of being threatened with sanctions and dismissal for failure to prosecute.

For the aforementioned explanations, I respectfully plead with Your Honor not to dismiss this action for failure to prosecute, or issue sanctions against Counsel. A dismissal will be filed concurrently with the filing of this letter. I thank Your Honor for the consideration herein.

Respectfully submitted,

*/s/ Mars Khaimov*
Attorney for Plaintiff



**Mars Khaimov Law, PLLC**

